UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TARA WALSH, on behalf of herself and all others similarly situated,<br><br>     Plaintiff(s),<br><br>    -against-<br><br>OPTIO SOLUTIONS LLC d/b/a QUALIA COLLECTION SERVICES,<br><br>     Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

**LOCAL CIVIL RULE 10.1 STATEMENT**

1.   The mailing addresses of the parties to this action are:

   TARA WALSH
   990 Greenville Road
   Wantage, New Jersey 07461

   OPTIO SOLUTIONS LLC d/b/a QUALIA COLLECTION SERVICES
   1444 N. McDowell Blvd.
   Petaluma, California 94954

**PRELIMINARY STATEMENT**

2.   Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and through her attorneys, alleges that Defendants, OPTIO SOLUTIONS LLC d/b/a QUALIA COLLECTION SERVICES ("QUALIA COLLECTION") and JOHN DOES 1-25, their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

**DEFINITIONS**

5. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

**PARTIES**

6. Plaintiff is a natural person, a resident of Sussex County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. QUALIA COLLECTION maintains a location at 1444 N. McDowell Blvd., Petaluma, California 94954.

8. QUALIA COLLECTION uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9. QUALIA COLLECTION is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series

of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers who were sent initial letters and/or notices from QUALIA COLLECTION on behalf of CAPITAL ONE N.A., which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined.
>
> The Class period begins one year prior to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   a. <u>Numerosity</u>: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A**). The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

  b. <u>Commonality</u>: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   i. Whether the Defendants violated various provisions of the FDCPA as set forth herein:

   ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

   iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   iv. Whether Plaintiff and the Class are entitled to declaratory relief.

  c. <u>Typicality</u>: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

  d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. At some time prior to July 21, 2021, Plaintiff allegedly incurred a financial obligation to CAPITAL ONE N.A. ("CAPITAL ONE").

19. The CAPITAL ONE obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

20. Plaintiff incurred the CAPITAL ONE obligation by obtaining goods and services which were primarily for personal, family and household purposes.

21. The CAPITAL ONE obligation did not arise out of a transaction that was for non-personal use.

22. The CAPITAL ONE obligation did not arise out of transactions that were for business use.

23. The CAPITAL ONE obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. CAPITAL ONE is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25. Sometime before July 21, 2021, CAPITAL ONE referred the CAPITAL ONE obligation to QUALIA COLLECTION for the purpose of collection.

26. Defendants caused to be delivered to Plaintiff a letter dated July 21, 2021, which was addressed to Plaintiff. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

27. The July 21, 2021 letter was sent to Plaintiff in connection with the collection of the CAPITAL ONE obligation.

28. The July 21, 2021 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

29. The July 21, 2021 letter was the initial written communication that Plaintiff received from QUALIA COLLECTION.

30. No other written communication was received by Plaintiff from QUALIA COLLECTION within five days of the July 21, 2021 letter.

31. Upon receipt, Plaintiff read the July 21, 2021 letter.

32. The July 21, 2021 letter provides the following information regarding the balance claimed due on the CAPITAL ONE obligation:

   Principal:    $213.10
   Fees:          $47.38
   Interest:       $0.00
   Balance Due: $260.48

33. The July 21, 2021 letter stated in part:

   We are willing to settle your account for 50% of the balance due. Once your payment in the amount of $130.24 is received and clears, your account will be closed and collection efforts will

cease.  This offer will expire 45 days from the date of this letter.  We are not obligated to renew this offer.  Our request for payment does not affect your rights as set forth below.

34. Under the settlement payment option presented by Defendant, Plaintiff was required to make a payment **within 45 days from the date of the July 21, 2021 letter**.

35. Plaintiff did not receive the July 21, 2021 letter on July 21, 2021 but instead the letter was received days later.

36. Accoring to Defendant's July 21, 2021 letter, Plaintiff had certain rights with respect to the CAPITAL ONE obligation.

37. According to Defendant's July 21, 2021 letter, those rights included:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or a copy of a judgment against you and have such verification or judgment mailed to you. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

38. These rights are mandated by 15 U.S.C. § 1692g(a)(3) through (5) ("Validation Notice") of the FDCPA.

39. A debt collector has the obligation not just to convey each of the disclosures required by 15 U.S.C. § 1692g(a)(3)-(5), but also to convey each disclosure clearly.

40. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

41. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

42. 15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

43. A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to his or her rights.

44. Where an actual or apparent contradiction of the validation notice exists, the letter must include a reconciling statement to avoid the confusion that would result if the letter does not explain how the demand for payment fits together with the consumer's right to dispute the debt. See Wilson v. Quadramed Corp., 225 F.3d 350 (3d Cir 2000).

45. Defendant's July 21, 2021 letter does not include such a reconciling statement. Nor does the letter explain what would happen to the expiration date to make the settlement payment should Plaintiff exercise her rights under 15 U.S.C. § 1692g(a)(3)-(5).

46. Defendant could have advised Plaintiff and others similarly situated that:

> If you dispute the debt, request proof of the debt, or request the name of the original creditor in writing within the 30 day period described herein, the settlement due dates will be extended by the number of days from the date of your request to the date this office has mailed you the requested information.

47. Without the inclusion of a "reconciling statement", Defendant's letter violates the FDCPA as it overshadows and renders the Validation Notice ineffective.

48. Plaintiff and others similarly situated are left unsure what would happen to the expiration date to make the settlement payment should they send a written dispute to the Defendant within 30 days of receipt of the letter. Would the expiration be extended by the length

of time that it took for Defendant to provide written verification of the debt since Defendant was prohibited from further collection during that period?

49. Plaintiff and others similarly situated would be confused by Defendant's demand for payment within the "30 day dispute period" under the FDCPA. If Plaintiff and others similarly situated sent payment within the "30 day period" would they be giving up their rights to dispute the debt or have it verified? If Plaintiff and others similarly situated disputed the debt and also sent payment, and the debt was found invalid, would Defendant return the payment?

50. "Thus, in order to comply with the requirements of section 1692g, more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter - the required notice must also be conveyed effectively to the debtor." Wilson v. Quadramed Corp., 225 F.3d 350 at 354 (3d Cir. 2000); (citing Swanson v. Southern Oregon Credit Serv., Inc., 869 F.2d 1222, 1224 (9th Cir. 1988)); see also Graziano v. Harrison, 950 F.2d 107, 111 (3d Cir. 1991). See also Grubb v. Green Tree Servicing, 2014 WL 3696126, at *9 (D.N.J. July 24, 2014), Grubb v. Green Tree Servicing, 2017 WL 3191521 at *5 (D.N.J. July 27, 2017).

51. Defendant's July 21, 2021 letter creates confusion and leaves the Plaintiff and others similarly situated uncertain as to their dispute rights under the FDCPA.

52. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

53. The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose her response.

54. QUALIA COLLECTION knew or should have known that its actions violated the FDCPA.

55. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

56. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

    (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b) Threatening to take any action that cannot legally be taken or that is not intended to be taken;

    (c) Using unfair or unconscionable means to collect or attempt to collect any debt; and

    (d) Overshadowing and/or contradicting Plaintiff's rights under the FDCPA.

57. Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of New Jersey within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

58. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

59. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

60. Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

61. Defendants violated 15 U.S.C. § 1692e of the FDCPA as described herein in connection with their communications to Plaintiff and others similarly situated.

62. Defendants engaged in false, deceptive, or misleading representations or means in violation of 15 U.S.C. § 1692e; § 1692e(5) and § 1692e(10).

63. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

64. 15 U.S.C. § 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

65. As described herein, Defendants violated 15 U.S.C. § 1692e(5).

66. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

67. As described herein, Defendants violated 15 U.S.C. § 1692e(10) which prohibits the employment of false and deceptive means of collecting debt.

68. Defendant violated 15 U.S.C. § 1692g by failing to effectively convey the Validation Notice.

69. As described herein, Defendant's letter violated 15 U.S.C. § 1692g et al.

70. Defendant violated the FDCPA by overshadowing and/or contradicting the notices mandated by 15 U.S.C. § 1692g(a)(4) and (5).

71. Defendant violated 15 U.S.C. §. 1692g(b) by engaging in collection activity which overshadows or is inconsistent with the consumer's right to dispute the debt.

72. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

73. Plaintiff and others similarly situated have a right to be free from abusive debt collection practices by debt collectors.

74. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

75. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

76. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

77. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages, including but not limited to a disgorgement of all money collected during the relevant period;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: September 22, 2021                                    Respectfully submitted,

By:   *s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)
JONES, CHULSKY & KESSLER, LLC
330 Mounts Corner Drive, Suite 417
Freehold, NJ 07728
Phone: (877) 827-3395
Fax: (877) 827-3394
*Attorneys for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: September 22, 2021

*s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)
JONES, CHULSKY & KESSLER, LLC
330 Mounts Corner Drive, Suite 417
Freehold, NJ 07728
Phone: (877) 827-3395
Fax: (877) 827-3394
*Attorneys for Plaintiff*

# EXHIBIT

# A


**QCS**
QUALIA COLLECTION SERVICES

1444 North McDowell Blvd
Petaluma, CA 94954
844-598-5454

**OFFICE HOURS**
Monday - Thursday 5:00AM to 7:00PM (PST)
Friday 5:00AM to 4:00PM (PST)
Saturday 5:00AM to 1:30PM (PST)

### ACCOUNT SUMMARY

| | |
|---|---|
| Original Creditor: | Capital One N.A. |
| Creditor: | Capital One N.A. |
| RE Your Kohl's Credit Card Account #: | XXXXXX0861 |
| Agency Account #: | |
| Principal: | $213.10 |
| Fees: | $47.38 |
| Interest: | $0.00 |
| Balance Due: | $260.48 |
| Settlement Amount: | $130.24 |

**PAYMENT OPTIONS**
Website: www.payqcs.com
Pay By Phone: 844-598-5454
Mail: 1444 North McDowell Blvd, Petaluma, CA 94954
(Please use the payment coupon and return envelope provided)

7/21/2021

Dear TARA WALSH:

**SETTLEMENT OFFER**

Your account has been assigned to our agency for collection. The Creditor to whom the debit is owed is Capital One N.A..

We are willing to settle your account for 50% of the balance due. Once your payment in the amount of $130.24 is received and clears, your account will be closed and collection efforts will cease. This offer will expire 45 days from the date of this letter. We are not obligated to renew this offer. Our request for payment does not affect your rights as set forth below.

**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or a copy of a judgment against you and have such verification or judgment mailed to you. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

---
Detach and Return with Payment

1444 North McDowell Blvd
Petaluma, CA 94954

7/21/2021

TARA WALSH

DEBIT CARD ONLY: FILL OUT BELOW
☐ DEBIT CARD VISA   ☐ DEBIT CARD MASTERCARD
CARD NUMBER   EXP. DATE   AMOUNT
SIGNATURE

| | |
|---|---|
| Agency Account #: | 3923791 |
| Balance Due: | $260.48 |
| Settlement Amount: | $130.24 |

MAKE CHECK OR MONEY ORDER PAYABLE TO:
Qualia Collection Services
1444 North McDowell Blvd
Petaluma, CA 94954

QCS / 5K / AAJ075986469    33 / 00000001

We are required under state law to notify consumers of the following rights. This list does not contain a complete list of rights consumers have under state and federal law. Please find below important additional information for residents of the following states:

CALIFORNIA: The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

California Consumer Privacy Act Notice. We do not sell your personal information. We collect the following categories of personal information: Personal identifiers such as names, addresses and telephone numbers; identification numbers and account information, payment and other financial or personal history information; audio recordings; geographic information; education and employment information; other identifying information such as Internet and web site activity; and inferences drawn from any of the above information. These categories of personal information are used for the business purposes of debt collection, to fulfill the reason for which information is provided or obtained, and to comply with legal obligations. Our Privacy Policy, and information on how a consumer with a disability may access this notice in an alternate format, may be found at www.qualiacollectionservices.com/privacy-policy or by calling (855) 593-5046.

COLORADO: A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. The agency's local address and telephone number is 8690 Wolff Court, Suite 110 Westminster, CO 80031, 1-303-920-4763. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE HTTPS://COAG.GOV/OFFICE-SECTIONS/CONSUMER-PROTECTION/CONSUMER-CREDIT-UNIT/COLLECTION-AGENCY-REGULATION/.

MASSACHUSETTS: NOTICE OF IMPORTANT RIGHTS: You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the debt collector.

MINNESOTA: This collection agency is licensed by the Minnesota Department of Commerce.

NEVADA: If you pay or agree to pay the debt or any portion of the debt, the payment or agreement to pay may be construed as: (1) an acknowledgment of the debt by you; and (2) a waiver by you of any applicable statute of limitations set forth in NRS 11.190 that otherwise precludes the collection of the debt. If you do not understand or have questions concerning your legal rights or obligations relating to the debt, you should seek legal advice.

NEW YORK: New York City Department of Consumer Affairs License number 1254605. Call back name and phone number: Timothy Whalen at 1-800-433-5709 during normal business hours.

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: a) the use or threat of violence, b) the use of obscene or profane language; and c) repeated phone calls made with the intent to annoy, abuse, or harass. If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: 1) Supplemental Security Income (SSI); 2) Social Security; 3) public assistance (welfare); 4) spousal support, maintenance (alimony) or child support; 5) unemployment benefits; 6) disability benefits; 7) workers' compensation benefits; 8) public or private pensions; 9) veterans' benefits; 10) federal student loans, federal student grants, and federal work study funds; and 11) ninety percent of your wages or salary earned in the last sixty days.

This collection agency does not provide language access services or translations of communications into languages other than English. A translation and description of commonly-used debt collection terms is available in multiple languages on the New York City Department of Consumer Affairs' website, www.nyc.gov/dca.

NORTH CAROLINA: NC Dept. Ins. Permit # 4502

TENNESSEE: This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.